RICHARD A. PAUL (SBN 057976)
JEFFREY P. MICHALOWSKI (SBN 248073)
KARA SIEGEL (SBN 296126)
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendants Timothy P. White, Chancellor; Karen S. Haynes, President; and Associated Students, Inc. of California State University San Marcos

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN APODACA; and STUDENTS FOR LIFE AT CALIFORNIA STATE UNIVERSITY - SAN MARCOS,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>TIMOTHY P. WHITE, Chancellor of California State University, in his official and individual capacities; KAREN S. HAYNES, President of California State University-San Marcos, in her official and individual capacities; and ASSOCIATES STUDENTS, INC. OF CALIFORNIA STATE UNIVERSITY SAN MARCOS, a California nonprofit corporation,<br><br>　　　　Defendants. | Case No. 3:17-cv-01014-L-NLS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT**<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT**<br><br>Date:　　　　December 10, 2018<br>Time:　　　　11:00 a.m.<br>Courtroom:　5B<br>Judge:　　　M. James Lorenz<br>Trial Date:　Not Set<br><br>**EXEMPT FROM FEES GOVT. CODE § 6103** |

Case No. 3:17-cv-01014-L-NLS
DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

TO PLAINTIFFS NATHAN APODACA; and STUDENTS FOR LIFE AT CALIFORNIA STATE UNIVERSITY - SAN MARCOS AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on December 10, 2018, at 11:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 5B of the above-entitled Court, Defendants Timothy P. White, Chancellor; Karen S. Haynes, President; and Associated Students, Inc. of California State University San Marcos (collectively "Defendants") will and hereby do move the Court for summary judgment, or in the alternative, partial summary judgment against Plaintiffs Nathan Apodaca and Students for Life at California State University – San Marcos (together, "Plaintiffs") pursuant to Rule 56 of the Federal Rules of Civil Procedure. Defendants' motion is based on the grounds that Plaintiffs' entire First Amended Complaint and both causes of action therein fail as a matter of law because there are no genuine disputes as to any material facts, and defendants are entitled to judgment as a matter of law.

This motion is based upon this notice of motion and motion; the memorandum of points and authorities filed herewith; the declarations in support— of Robert Aiello-Hauser, Bridget Blanshan, Lorena Checa, Kimberly Clark, Ashley Fennell, President Karen S. Haynes, Aaron Herrscher, Neal Hoss, Annie Macias, Jeffrey P. Michalowski, Abrahán Monzón, and Jason Schreiber—with the corresponding exhibits attached thereto; the request for judicial notice; and all of the pleadings and papers on file in this action; and on any other matter that may be presented to the Court at the time of the hearing.

In the alternative, Defendants will and hereby do move the Court for an order entering partial summary judgment in its favor on each claim in Plaintiffs' First Amended Complaint and/or on the parts of each claim identified below, on the grounds that there are no genuine issues as to any material fact, and that Defendants are entitled to judgment as a matter of law on each cause of action or part thereof, and on defendants' defense of qualified immunity. The specific partial judgments

sought by Defendants are as follows:

**FIRST AMENDMENT CAUSE OF ACTION (FIRST CAUSE OF ACTION)**

<u>Issue No. 1</u>: Plaintiff's First Amendment cause of action fails in its entirety because there are no genuine disputes as to any material fact.

<u>Issue No. 2</u>: Plaintiffs' First Amendment cause of action fails in its entirety because plaintiffs lack standing.

**ADJUDICATIONS AS TO DENIAL OF FUNDING**

<u>Issue No. 3</u>: Plaintiffs' as-applied challenge to denial of funding for a speaker fee fails because plaintiffs lack standing to sue, as they cannot meet their burden of demonstrating causation of alleged injury.

<u>Issue No. 4</u>: Plaintiffs' as-applied challenge to denial of funding for a speaker fee fails because the denial was for legitimate, non-discriminatory reasons, and plaintiffs cannot meet their burden of introducing evidence of discrimination.

<u>Issue No. 5</u>: Plaintiffs' as-applied challenge to denial of funding fails because they cannot identify a similarly situated comparator who received more favorable treatment.

<u>Issue No. 6</u>: Plaintiffs lack standing to pursue a facial challenge to the ALF process, because plaintiffs identify no viewpoint discrimination, and there is no risk of suppression of plaintiffs' speech.

<u>Issue No. 7</u>: Plaintiffs' facial challenge to the ALF funding process fails on the merits because decisions are based on neutral and objective funding criteria.

<u>Issue No. 8</u>: Plaintiffs' challenge to the actions of the Centers fails because the challenged conduct constitutes government speech and public university speech.

<u>Issue No. 9</u>: Plaintiffs' challenge to the actions of the Centers fails because CSUSM has the right to allocate the funds it controls.

**ADJUDICATIONS AS TO DIFFERENTIAL TREATMENT OF CENTERS**

<u>Issue No. 10</u>: Plaintiffs' as-applied challenge to differential treatment as compared to the GEC and Pride Center fails because plaintiffs lack standing to sue.

<u>Issue No. 11</u>: Plaintiffs' as-applied challenge to differential treatment as compared to the GEC and Pride Center fails because the challenge is not ripe.

<u>Issue No. 12</u>: Plaintiffs' as-applied challenge to differential treatment as compared to the GEC and Pride Center fails because student organizations and centers are not similarly situated.

<u>Issue No. 13</u>: Plaintiffs lack standing to pursue a facial challenge to the funding process because plaintiffs identify no viewpoint discrimination, and there is no risk of suppression of plaintiffs' speech.

<u>Issue No. 14</u>: Plaintiffs' challenge fails because the challenged conduct constitutes government speech and public university speech.

<u>Issue No. 15</u>: Plaintiffs' challenge's fails because CSUSM has the right to allocate the funds it controls.

**EQUAL PROTECTION CAUSE OF ACTION (SECOND CAUSE OF ACTION)**

<u>Issue No. 16</u>: Plaintiffs' Equal Protection cause of action fails in its entirety because there are no genuine disputes as to any material fact.

<u>Issue No. 17</u>: Plaintiffs' Equal Protection cause of action fails in its entirety because plaintiffs lack standing.

<u>Issue No. 18</u>: Plaintiffs' Equal Protection cause of action fails in its entirety because their claims are not ripe.

<u>Issue No. 19</u>: Plaintiffs' Equal Protection cause of action fails in its entirety because they cannot identify a similarly situated comparator who received more favorable treatment.

<u>Issue No. 20</u>: Plaintiffs' Equal Protection cause of action fails in its entirety because the challenged actions were taken for legitimate, non-discriminatory reasons, and plaintiffs cannot meet their burden of introducing evidence of discrimination.

<u>Issue No. 21</u>: Plaintiffs' Equal Protection cause of action fails in its entirety because they cannot present evidence of discriminatory intent.

<u>Issue No. 22</u>: Plaintiffs' Equal Protection challenge to the treatment and actions of the Centers fail because the challenged conduct constitutes government speech and public university speech.

<u>Issue No. 23</u>: Plaintiffs' Equal Protection challenge to the treatment and actions of the Centers fail because CSUSM has the right to allocate the funds it controls.

## QUALIFIED IMMUNITY

<u>Issue No. 24</u>: Individual defendants Chancellor White and President Haynes are entitled to qualified immunity, because they acted lawfully at all times. Even assuming, *arguendo*, that they did not, they acted with at least a reasonable belief that the conduct was lawful.

Dated: October 1, 2018

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By: */s/ Jeffrey P. Michalowski*
RICHARD A. PAUL
JEFFREY P. MICHALOWSKI
KARA SIEGEL
Attorneys for Defendants Timothy P. White, Chancellor; Karen S. Haynes, President; and Associated Students, Inc. of California State University San Marcos

# CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2018, I electronically filed the documents enumerated below:

**1. DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT;**

**2. DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT;**

**3. DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT;**

**4. THE SEVERAL SPECIFIED DECLARATIONS WITH ACCOMPANYING INDIVIDUAL EXHIBITS IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY JUDGMENT, INCLUDING;**

   a. **Robert Aiello-Hauser Declaration;**
   b. **Bridget Blanshan Declaration;**
   c. **Lorena Checa Declaration;**
   d. **Kimberly Clark Declaration;**
   e. **Ashley Fennell Declaration;**
   f. **Aaron Herrscher Declaration;**
   g. **Karen Haynes Declaration;**
   h. **Neal Hoss Declaration;**
   i. **Annie Macias Declaration;**
   j. **Jeffrey P. Michalowski Declaration;**
   k. **Abrahan Monzon Declaration; and,**
   l. **Jason Schreiber Declaration**

with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Daniel Ray Watkins<br>**Watkins & Letofsky, LLP**<br>2900 S. Harbor Blvd., Ste. 240<br>Santa Ana, CA 92704-6418<br>Phone: (866) 439-1295<br>Fax: (949) 476-9407<br>Email: dw@wl-llp.com | Attorneys for Plaintiffs,<br>Nathan Apodaca and Students<br>for Life at California State<br>University-San Marcos |

Tyson C Langhofer
**Alliance Defending Freedom**
15100 N. 90th Street
Scottsdale, AZ 85260
480-444-0020
Fax: 480-444-0028
Email: tlanghofer@ADFlegal.org

*Pro Hac Vice Counsel* for Plaintiffs, Nathan Apodaca and Students for Life at California State University-San Marcos

_____
Leslie Rivera Mason