TYSON C. LANGHOFER, AZ Bar No. 32589*
tlanghofer@ADFlegal.org
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, Arizona 85260
(480) 444-0020
(480) 444-0028 Fax

*Attorney for Plaintiffs*
*\*admitted Pro Hac Vice*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATHAN APODACA;** and **STUDENTS FOR LIFE AT CALIFORNIA STATE UNIVERSITY-SAN MARCOS,**<br><br>*Plaintiffs*,<br><br>v.<br><br>**TIMOTHY P. WHITE**, Chancellor of California State University, in his official and individual capacities; **KAREN S. HAYNES**, President of California State University-San Marcos, in her official and individual capacities; and **ASSOCIATED STUDENTS, INC. OF CALIFORNIA STATE UNIVERSITY SAN MARCOS**, a California nonprofit corporation,<br><br>*Defendants*. | Case No. 3:17-cv-01014-L-AHG<br><br>**PLAINTIFFS' POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLARIFICATION AND/OR RECONSIDERATION OF SUMMARY JUDGMENT ORDER**<br><br>Judge: Hon. M. James Lorenz |

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 60(a), Local Civil Rules, and this Court's Standing Order for Civil Cases, Plaintiffs submit this Points and Authorities in support of their motion for clarification and/or reconsideration of two discrete issues which appear to be clerical errors and/or omissions in the Court's August 13, 2019, Order on Motion for Summary Judgment (Dkt. 86) (the "Order").

First, under Section III(D) (pages 26–28 of the Order) the Court concludes that "*Plaintiffs'* motion for summary judgment is DENIED and *Defendants'* motion for summary judgment is GRANTED" regarding the qualified immunity issue (italics added). This appears to be a clerical error given the Court's rationale and prior statement that "qualified immunity does not shield the individual Defendants in this case." Order at 27.

Second, while the Court issued clear holdings that the fora that are used to fund RSOs are unconstitutional because they lack viewpoint-neutral criteria, the Court's order appears to leave some ambiguity as to whether the viewpoint-neutrality principle applies to how ASI issues budgets for expressive organizations such as the Centers.

Since the parties are in active settlement discussions and preparing to meet the Court's trial-related deadlines, and it is unclear what claims remain for trial, Plaintiffs request that the Court issue a ruling specifically on whether the principles of viewpoint neutrality apply to ASI's allocations of funds to the Centers, *or* clarify that that issue remains for trial. Because these issues were fully briefed in the Cross-Motions for Summary Judgment, there should no need for additional briefing or delay.

## LEGAL STANDARDS

FRCP 60(a) grants the court broad latitude to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with

or without notice." Fed. R. Civ. P. 60(a); *see also Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987) ("A district court has very wide latitude in correcting clerical mistakes in a judgment."). "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record." *Blanton*, 813 F.2d at 1577. Clerical errors include not only typos or misstatements, but also "a court's failure to memorialize part of its decision." *Estate of Hernandez-Rojas v. United States*, No. 11-CV-0522-L-DHB, 2014 WL 3699929, at *2 (S.D. Cal. July 24, 2014). In addition, a motion under Rule 60(a) is appropriate when the parties brief an issue and the Court does not address the issue in its summary judgment order. *See Troester v. Starbucks Corp.*, No. CV-1207677-CJC-PJW, 2019 WL 2902487, at *1 (C.D. Cal. May 21, 2019) ("The Court did not address Starbucks's statute of limitations argument in its summary judgment order. Accordingly . . . the motion for reconsideration is **GRANTED**. Since the parties fully briefed this issue in their summary judgment briefs, the Court will proceed to address it on the merits.").

## ARGUMENT

### I.   The Court should amend its order regarding qualified immunity.

The Court's order regarding Section III(D) states that Defendants' motion for summary judgment on the qualified immunity issue is granted and Plaintiffs' is denied. Order at 27–28. However, the Court appeared to intend the opposite results since its analysis and language support the conclusion that Defendants were *not* entitled to qualified immunity. *See* Order at 27 ("This Court agrees with Plaintiffs" and "qualified immunity does not shield the individual Defendants in this case.").

"A district court judge may properly invoke Rule 60(a) to make a judgment reflect the actual intentions and necessary implications of the court's decision." *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1445 (9th Cir. 1990). Since the concluding language of Section III(D) does not appear to reflect the intent or necessary implications of the Court's decision, the Court should grant Plaintiffs' motion for

2

clarification and/or reconsideration.

Thus, Plaintiffs respectfully request that the Court clarify and/or reconsider its order on the parties' motions for summary judgment to clarify that Defendants' motion for summary judgment on qualified immunity grounds is denied, not granted (Order at 27–28).

## II. The Court should issue an order clarifying that the viewpoint-neutrality principles apply to all fora for expression funded by the ASI Fee, including funding the Centers.

Plaintiffs and Defendants fully briefed the issue of whether "Defendants' student fee policy violates Plaintiffs' First Amendment right against compelled speech by mandating students fund expression through fees that are distributed in a viewpoint-discriminatory manner." *See* Pls. MSJ Mem. at 13–21 (Dkt. 58-1); Dfs. Opp. Mem. at 34 (Dkt. 62); Pls. Reply Mem. at 3-11 (Dkt. 69). Specifically, Plaintiffs argued that ASI maintains and uses unbridled discretion to favor viewpoints that Plaintiffs oppose through the funding of the Centers, s*ee* Pls. MSJ Mem. at 19–21 (Dkt. 58-1), and that compelling Plaintiffs to fund the Centers without guidelines for viewpoint-neutral funding of the Centers violates the First Amendment. *Id.*

The parties have entered into negotiations for settlement and are preparing to meet the Court's trial deadlines, but appear to be in disagreement over whether the Court's order addresses the funding of the Centers through the mandatory ASI Fee. Plaintiffs contend that the principles expressed in the Order make it clear that ASI must develop policies that include viewpoint-neutral criteria for the creation and funding of expressive organizations—including funding any centers that engage in expressive activity. *See* Order at 17 ("Defendants are required to allocate the mandatory ASI fee in a viewpoint neutral manner to safeguard Plaintiffs from 'furnishing contributions of money for the propagation of opinions which he disbelieves and abhors.'"); *see also* Order at 26–27 ("The Court finds that the evidence demonstrated that Plaintiffs' First Amendment right against compelled

3

speech was violated by Defendants' unbridled discretion to disburse the ASI fee in support of viewpoints to which Plaintiffs object without having narrowly drawn, reasonable, and definite standards."). Defendants have expressed that they do not believe the Court addressed the issue of the Centers' funding because while the Court issued orders granting Plaintiffs' motion for summary Judgment regarding the fora that fund RSOs, it did not include the same language either granting or denying Plaintiffs' motion for summary judgment on the compelled speech issue or forum as to funding budgeted organizations such as the Centers. In order to engage in effective settlement negations and prepare for trial on any remaining issues, Plaintiffs respectfully request that the Court issue an order clarifying whether the viewpoint-neutrality principle applies to all expressive activities funded by the ASI Fee—including the Centers, or whether that issue remains for trial.

When the parties brief an issue and an order does not include a clear conclusion on that issue, a motion for clarification is appropriate. *See Troester v. Starbucks Corp.*, No. CV 12-07677-CJC-PJW, 2019 WL 2902487, at *1 (C.D. Cal. May 21, 2019) (granting a motion to clarify and/or reconsider an Order on Motion for Summary Judgment where the parties had briefed an issue and the court's order did not come to a conclusion on that issue). Here, the parties briefed the issue of whether the Centers could be allocated budgets through the mandatory ASI Fee without any policies ensuring viewpoint neutrality in that process. *See e.g.* Pls. MSJ Mem. at 19–21 (Dkt. 58-1); Pls. Reply Mem. at 3–11 (Dkt. 69).

The Court's Order outlines the undisputed facts that support the legal analysis that mandatory fees funding expression must be distributed in a viewpoint neutral manner—including to the Centers. These include, inter alia, the following:

1. "Advocacy [is] one of ASI's core values", Order at 3;
2. "[T]he undisputed evidence shows Plaintiffs paid mandatory students fees . . . to ASI and expressive activities by ASI conflicted with Plaintiffs' personal beliefs." *Id.* at 9;

3. "ASI funds the Centers in higher proportion in comparison to RSOs, the Centers can use ASI funds in ways Plaintiffs are prohibited, and Defendants generally favor the Centers' expressive activity over Plaintiffs' viewpoint." *Id.* at 10;

4. Mandatory student fees may only be sustained when their distribution is viewpoint neutral. *Id.* at 13;

5. The ASI fee is not distributed in a viewpoint-neutral manner. *Id.* at 17-25.

The Court's analysis supports the conclusion that the mandatory fee is unconstitutional because ASI favors the Centers' expression over other viewpoints and Defendants have not implemented any policies bridling ASI's discretion to continue to do so. *See* Order at 17 ("Defendants are required to allocate the mandatory ASI fee in a viewpoint-neutral manner to safeguard Plaintiffs from 'furnishing contributions of money for the propagation of opinions which he disbelieves and abhors.'"); *see also* Order at 26-27 ("The Court finds that the evidence demonstrated that Plaintiffs' First Amendment right against compelled speech was violated by Defendants' unbridled discretion to disburse the ASI fee in support of viewpoints to which Plaintiffs object without having narrowly drawn, reasonable, and definite standards.").

While the Court clearly concluded that the speech forums by which RSOs are funded do not contain sufficient criteria to bridle discretion and are therefore unconstitutional, it appears that the Court did not "memorialize part of its decision" regarding whether the Defendants violate the First Amendment by failing to implement any policies bridling ASI's discretion to discriminate in the forum created by distributions to the Centers. *Cf. Estate of Hernandez-Rojas v. United States*, No. 11-CV-0522-L DHB, 2014 WL 3699929, at *2 (S.D. Cal. July 24, 2014) (Rule 60(a) motion is appropriate when the Court does not "memorialize part of its decision.").

Plaintiffs request that the Court clarify this by memorializing the conclusion of its compelled speech analysis that when ASI distributes mandatory fees to

expressive entities (whether "Centers" or not) the process for that distribution must be governed by viewpoint-neutral criteria. In addition, the Court could add to its forum analysis that (as the Ninth Circuit recently held) the ASI Fee as a whole is the relevant forum and thus the viewpoint-neutrality principle articulated in the Court's forum analysis also applies to the Center's funding because "the student activity fund [as a whole] is the relevant forum for . . . assessing the permissibility of defendants' actions." *Koala v. Khosla*, 931 F.3d 887, 904 (9th Cir. 2019) (submitted as supplemental authority on August 6, 2019) (Dkt. 83).

The Court should grant this motion to clarify the "actual intentions and necessary implications of the court's decision," *Robi*, 918 F.2d at 1445 (9th Cir. 1990), regarding the compelled payment of fees to fund the Centers without viewpoint-neutral criteria, and/or regarding the viewpoint-neutral distribution requirements of the forum created by the fee distribution to the Centers for expressive activities.

Thus, Plaintiffs respectfully request that the Court revise and/or reconsider its order on the parties' motions for summary judgment to clarify these two discrete issues and issue an amended opinion or order that:

1. Clarifies that Defendants' motion for summary judgment on qualified immunity grounds is *denied* (not granted, Order at 27–28), and
2. Clarifies that the ASI Fee policy is unconstitutional to the extent that it funds expression (including favoring the Centers' expression, Order at 10) because it compels payment of student fees and/or creates a forum but fails to ensure that "Defendants . . . allocate the mandatory ASI fee in a viewpoint neutral manner." (Order at 17) (I.e., compelling Plaintiffs to fund the Centers' expression is unconstitutional unless and until Defendants adopt policies for the viewpoint neutral allocation of budgets to expressive organizations (including the Centers)).

Respectfully submitted this 10th day of September, 2019.

|  |  |
|---|---|
| DANIEL R. WATKINS<br>CA Bar No. 163571<br>WATKINS & LETOFSKY, LLP<br>2900 S. Harbor Blvd., Ste. 240<br>Santa Ana, CA 92704-6418<br>(866) 439-1295<br>(949) 476-9407 Fax<br>dw@wl-llp.com | By: s/ Tyson C. Langhofer<br>TYSON C. LANGHOFER<br>AZ Bar No. 32589*<br>ALLIANCE DEFENDING FREEDOM<br>15100 N. 90th Street<br>Scottsdale, Arizona 85260<br>(480) 444-0020<br>(480) 444-0028 Fax<br>tlanghofer@ADFlegal.org |

J. CALEB DALTON
D.C. Bar No. 1033291*
ALLIANCE DEFENDING FREEDOM
440 First Street NW, Suite 600
Washington, DC 20001
(202) 393-8690
(202) 347-3622 Fax
cdalton@ADFlegal.org

*Admitted Pro Hac Vice*
*Attorneys for Plaintiffs*